IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CIVIL ACTION NO. 12-cv-03043-RPM

| | |
|---|---|
| JENNIFER MARKUS, | § |
| | § |
| Plaintiff, | § |
| | § |
| vs. | § |
| | § |
| HOME DEPOT U.S.A., INC., | § |
| | § |
| Defendant. | § |

### AGREED PROTECTIVE ORDER OF CONFIDENTIALITY

Came on to be considered the Agreed Motion for Entry of Protective Order and, the Court having considered the evidence, the pleadings, and the arguments of counsel, and being of the opinion that the Agreed Motion is well-taken, will hereby approve same.

IT IS THEREFORE ORDERED that this Protective Order of Confidentiality is hereby entered and shall apply to discovery materials produced by the parties in the above-captioned case as hereinafter set forth.

### DISCOVERY MATERIALS COVERED BY THIS PROTECTIVE ORDER OF CONFIDENTIALITY

1. **Application of this Protective Order.** As specifically provided for herein, this Protective Order shall apply to and govern the treatment and disposition of all discovery materials exchanged between the parties, and between the parties and third persons in this action. The term "Discovery Materials" includes all documents produced by or to any party in this action: responses to interrogatories, document requests, and requests for admission; deposition testimony and transcripts of depositions; notes or information derived from any such materials; and any material produced, served, or made by, for, or on behalf of any party or third party in the

above-captioned matter which are designated as "Confidential" under the terms of this Agreed Order. The term "Document" means all written, recorded, or graphic material, including but not limited to papers, books, memoranda, typed or hand-written notes, notations, work papers, contracts, agreements, ledgers, journals, financial statements, audits, statistical records, lists, tabulations, computer print-outs, data processing input and output, and all other records kept by electronic, photographic, mechanical, or other means.

2. **Use of Confidential Documents.** Documents and Discovery Materials designated Confidential under the terms of this Agreed Order shall be used only for the purpose of preparing for and conducting the adversary proceedings and trial in the above-captioned matter and not for any other purpose, and shall not be provided for viewing, examination, copying, or other inspection by whatever means to anyone not a "Qualified Person" under Paragraph 7 of this Agreed Order, unless the parties specifically agree otherwise in writing, or this Court specifically orders distribution to individuals not "Qualified Persons" under Paragraph 7 of this Agreed Order.

## DESIGNATION OF MATERIALS AND INFORMATION AS CONFIDENTIAL

3. **Confidential Materials and Information.** Discovery Materials shall be treated as Confidential only if, with respect to documents, the party producing a document physically stamps (or otherwise indicates) the word "Confidential" on the documents or if any party serves a separate written statement upon all other parties that an individual document or group of documents shall be designated as "Confidential." The word "Confidential" shall be stamped (or otherwise indicted, in such a manner as will not render illegible the document or any part thereof), on each page as to which such Confidential status is claimed, unless the document cannot be page-stamped because of its format. If it becomes necessary for any party to include

confidential information in an answer to an interrogatory, a document request or a request for admission, the pages containing such answers shall be marked prominently as "Confidential." All information so designated as Confidential shall be treated as Confidential in accordance with the terms of this Protective Order. Until and unless so designated, neither Documents nor Pleadings shall be given "Confidential" protection as provided by this Agreed Order.

4. **Deposition Testimony.** Testimony given during deposition (hereinafter referred to as "Testimony") may be designated as Confidential on the record when given, or thereafter by written notice to all counsel of the page and lines of the transcript so designated more specifically described in sections 4 (a) and (b) below. All testimony given during depositions or portions thereof which discuss documents or materials previously designated as Confidential shall be treated as Confidential from the moment a deposition begins until sixty days after the deponent has received the transcript of the deposition. Such testimony shall automatically become declassified, and shall no longer be considered as Confidential, sixty days after the deponent has received the transcript unless one or both of the following has occurred:

a. During the course of the deposition, counsel for any party has stated on the record that the deposition testimony, or portions thereof, is to be considered as "Confidential." In such case the court reporter shall transcribe the page so designated in a separate volume marked "Confidential"; or

b. Counsel for any party has marked, by page and line, any portion of the transcript of a deposition (whether a transcript of an oral deposition, a videotape oral deposition, or deposition on written questions) as "Confidential" within sixty days of receipt of the transcript and has informed all other counsel of record of such designation.

5. **Good Faith Designation.** No party shall designate any document or other Discovery Material as "Confidential" unless the party has a good faith belief that disclosure of the Discovery Material will reveal a trade secret, private or proprietary information, or other commercial information which, if disclosed, could be harmful to the party or a third party, or subject such party or third party to competitive misuse, or contains private information relating to customer(s) or employee(s), or may otherwise be protected under federal or state law.

6. **Challenge of Confidential Designation.** A party may object to any designation by the producing party that Documents or Testimony are "Confidential" by giving written notice to the party designating the disputed information. The written notice shall identify the Documents or Testimony to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the Documents or Testimony "Confidential" to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as "Confidential" under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion with the prescribed time, the disputed Documents or Testimony shall lose its designation as "Confidential" and shall not thereafter be treated as "Confidential" in accordance with the terms of this Protective Order. In connection with a motion filed under this provision, the party designating the Documents or Testimony as "Confidential" shall bear the burden of establishing that good cause exists for the disputed information to be treated as "Confidential."

## DISCLOSURE OF MATERIAL CLASSIFIED AS CONFIDENTIAL

7. **Qualified Persons to Whom Disclosure is Permitted.** Any Discovery Materials classified as Confidential under the terms of this Protective Order, or extracts or summaries therefrom, may be disclosed only to the following individuals, hereinafter referred to as "Qualified Persons:"

   a. The parties, and any directors, officers, agents, or employees of the parties if reasonably necessary to assist in the litigation of their claims or defenses;

   b. Counsel for the parties and any employees of counsel, including paralegals, secretaries, and other such employees of counsel and photocopy operators employed by the receiving party or by an independent contractor hired to make photocopies, if reasonably necessary to assist counsel in the litigation of their clients' claims or defenses;

   c. Court reporters, their staff and typists, to the extent necessary to transcribe official proceedings (including depositions) of this Court;

   d. The Court and the trier of fact, and

   e. Upon request, to a governmental agency with authority over the matter.

With the exception of persons described in subparagraphs (c) (d) and (e) of this paragraph, each person who is given access to Confidential Discovery Materials is bound, by the agreement of their counsel, to the terms and conditions of this Protective Order. It shall be the responsibility of each party's counsel to ensure that Qualified Person who are permitted access to Confidential Documents be informed of the terms of this Protective Order.

8. **Disclosure to Non-Qualifying Persons.** A party seeking to disclose any Discovery Materials which the opposing party has designated "Confidential," to a person who is not a "Qualified Person" under Paragraph 7 shall serve notice on all counsel of the Non-

Qualified person's name and the document identification number(s) of the Document or the transcript page and line number(s) of the Testimony which the party seeks to disclose to the Non-Qualifying Person, and the reason such persons(s) need to review the Confidential material (hereinafter referred to as "Notice of Request to Disclose to Non-Qualified Person"). Such person shall be sufficiently identified so as to allow opposing counsel to know why such person does not qualify under other provisions of this Order. Counsel for the designating party shall have ten (10) business days from the receipt of said Notice of Request to Disclose to Non-Qualified Person to object to such disclosure before disclosure is made. Upon timely objection, such disclosure shall not be made. If the parties cannot resolve their dispute on an informal basis, the party desiring disclosure shall bear the burden of moving for resolution of the dispute by the Court. Such failure to seek a protective order by the producing party does not constitute a waiver as to Non-Qualified Person not noticed under the Notice of Request to Disclose to Non-Qualified Person, and only operates to allow the noticed Non-Qualified Person to view those Documents or Testimony which are the subject of the Notice of Request to Disclose to Non-Qualified Person. In the event that such Non-Qualified Person is granted access to Documents and Testimony either by Notice of Request to Disclose to Non-Qualified Person or by agreement of the parties, the person must, before viewing the Documents and Testimony, be provided a copy of this Agreed Order and execute a non-disclosure statement in the form attached hereto as Exhibit "A."

9.  **Disclosure to Experts.** Notwithstanding the foregoing, Confidential Discovery Materials may be disclosed to any bona fide outside expert, if reasonably necessary to assist such outside expert in assisting in the litigation of this action, provided that:

    a.    The outside expert has been retained to assist counsel in the preparation of this action for trial;

    b.    The outside expert and all employees of such expert be given a copy of this Agreed Order; and

    c.    The outside expert and all employees of such outside expert who will view such materials have signed a non-disclosure statement in the form attached hereto as Exhibit "A."

**10. Disclosure to Witnesses.** Notwithstanding the foregoing, any party and their counsel may disclose Confidential materials to a witness and to his or her respective counsel during a witness interview or in questioning a witness during a deposition and may mark such materials as exhibits to such deposition provided that:

    a.    Material designated as Confidential shall not be attached to any copies of deposition transcripts provided to a non-party witness;

    b.    Any material designated as Confidential shall not be disclosed to a witness unless the party disclosing such materials to the witness believes in good faith that such witness has specific information regarding the material or events reflected in the material or that the material would refresh the recollection of the witness regarding the material or events as to which the witness has specific information;

    c.    Prior to disclosure, the witness (if not employed at that time by Home Depot U.S.A., Inc.), shall sign a non-disclosure statement in the form attached hereto as Exhibit "A."

**11. Written Log.** Counsel for the parties shall maintain, with respect to any materials designated by another party as Confidential, a written log which includes: (1) the names of all persons or entities to whom or which such materials (including any copies, extracts

or summaries) have been disclosed or provided, and the date on which each such disclosure was made; (2) the date such person or entity signed a non-disclosure statement in the form attached hereto as Exhibit "A;" and (3) a copy of such non-disclosure statement. Said log shall be available for inspection by the designating party's counsel upon good cause shown. Information pertaining to "Qualified Persons," as defined in Paragraph 7, does not have to be maintained in the written log.

12. **Disclosure in Documents Filed with the Court.** The filing of Documents designated Confidential shall be controlled by D.C.Colo.L.Civ.R. 7.2.

13. **Use of Confidential Materials at Trial.** If a party anticipates that Documents designated by the other party as Confidential will be presented at trial as evidence, the party anticipating such use shall provide counsel for the other party reasonable advance notice of such anticipation, thus giving the other party the opportunity before the trial to seek a ruling from the Court as to how the issue of the confidentiality of the Documents shall be handled at trial, and the parties shall obey any ruling made by the Court regarding the use of Confidential materials at trial.

## PROTECTION OF CLASSIFIED MATERIAL

14. **Document Storage.** Counsel for the parties to whom material classified as Confidential has been produced shall employ reasonable measures, consistent with this Agreed Protective Order, to control access to all Confidential materials, the duplication of such materials, and access to such copies.

15. **Return of Copies and Notes.** Upon the conclusion of this lawsuit, by final judgment, settlement or dismissal, all Discovery Materials designated as Confidential pursuant to this Protective Order, along with any extracts, summaries, descriptions, or copies of the same

(with the exception of attorney work product) whether in hard copy or stored in an electronic magnetic medium, shall be returned to the producing party within 30 days upon request by the producing party, except that counsel for the parties may retain copies of court filings containing Confidential Discovery Materials provided that such will be held for their internal use only, subject to the continuing obligations imposed by this Agreed Order. Counsel shall additionally provide a copy of the document log concurrent with the return of all confidential documents. Each party to this action shall promptly supply each other party with an original Affidavit of compliance with this paragraph, executed by the party. All persons who have been privy to Confidential Documents shall be under a continuing duty not to reveal such information for so long as such information is not otherwise available to the public.

16. **Future Document Production.** This Protective Order shall not be deemed to limit or waive any party's right to resist discovery with respect to material which it may claim to be privileged or otherwise protected or protectable under Federal Rules of Civil Procedure or other state or federal law, nor preclude any party at any time from seeking and obtaining from the court additional protection pursuant to Rule 26(c) or other state or federal law; including any order that material shall not be produced at all.

17. **Continuing Effect.** The provisions of this Protective Order shall continue with respect to any Discovery Material classified as Confidential, and shall survive the entry of final judgment herein, until and unless the producing party expressly authorizes, in writing, the disclosure of such material, or the material has been declared declassified by the producing party or the Court.

18. **Use of Confidential Information by Producing Party.** Nothing contained in this Order shall preclude any party from using its own Confidential documents or information in

any manner it sees fit, or from revealing such Confidential documents or information to whomever it chooses, without prior consent of any other party or of this Court. Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to his or her client with respect to this litigation, and in the course thereof, referring or relying upon his or her examination of confidential material.

19. **Non-Party Discovery Materials.** Any non-party from whom discovery is sought may obtain the protection of this Agreed Order by obtaining the written agreement of the party seeking discovery that the provisions of this Agreed Order shall apply to the documents and information produced by such non-party.

20. **Non-Waiver.** This Protective Order shall not be deemed a waiver of:

a. Any party's right to object to discovery on the basis that additional protection is required with respect to specific discovery, or from seeking and obtaining, on appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material or relief from this Protective Order with respect to particular material designated hereunder or herein as confidential, or from providing by stipulation exceptions to this Order;

b. Any party's right to seek an order compelling discovery with respect to any discovery request; or

c. Any party's right at any proceeding herein to object to the relevance, admissibility or discoverability of any evidence on any ground or to seek further orders setting the conditions under which any such evidence may be received into evidence.

21. **Disputes.** If any dispute arises concerning disclosure of Confidential Discovery Materials which the parties cannot resolve informally, then the party desiring disclosure must bear the burden of moving for resolution of the dispute by the Court.

22. **Breaches.** If counsel for either party believes in good faith that Confidential Discovery Materials have been disclosed in violation of this Protective Order or any non-disclosure statement, and if the identity of the violator cannot be determined, then the Court may conduct an in-camera inspection for the purpose of determining the identity of any expert or other person who may have committed such violation, and may determine, from testimony or affidavits signed under penalty of perjury, whether a violation occurred. If the Court finds that a violation occurred, then it may order disclosure of the identity of the person who committed the violation, to permit the party whose Confidential Discovery Materials were disclosed to pursue any legal and equitable relief to which it may be entitled as a result of the violation.

SIGNED this \_\_23rd.\_\_ day of \_\_August_____, 2013.

s/Richard P. Matsch
_____
UNITED STATES DISTRICT COURT JUDGE
Richard P. Matsch

APPROVED AND AGREED:

By: Mitchel S. Drantch  
*Attorney for Plaintiff*

8/22/13  
Date

By: Arthur K. Smith  
*Attorney for Defendant*

8/22/13  
Date

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CIVIL ACTION NO. 12-cv-03043-RPM

JENNIFER MARKUS, §
§
      Plaintiff, §
§
vs. §
§
HOME DEPOT U.S.A., INC., §
§
      Defendant. §

## STATEMENT

1.    I have read, am familiar with, and agree to be bound by the terms of the Agreed Protective Order of Confidentiality, entered by the above-named Court on and pertaining to the above-captioned case.

2.    I agree that any court having jurisdiction over the above referenced matter may enforce over my person the terms of the above-referenced protective order and I hereby waive any objections to the Court's ability over my person to enforce the terms of the above-referenced order.

3.    I understand that if I violate the terms of the above-referenced order, I can be held in contempt of court.

4.    I agree only to make such copies or notes concerning Discovery Materials marked or designated "confidential" as are reasonably necessary to enable me to provide my assistance in this litigation. If any such copies or notes still exist upon completion of this litigation, I will return them as provided in the Protective Order.

5. I will not reveal the contents of Discovery Materials to any person or entity other than those persons to whom disclosure is authorized under the terms of the above-referenced order.

6. I will not use Confidential Discovery Materials for business or competitive purposes, or for any purpose other than the prosecution or defense of this action, unless otherwise authorized by a subsequent order of the Court.

DATED this _____ day of _____, 2013.

_____
Signature

_____
Printed Name

_____
Address

_____
Phone Number